COMMISSIONER OF RAILROADS *v.* WABASH RAILROAD CO.

RAILROADS—PASSENGER RATES—INTERSTATE COMMERCE.

* Under Act No. 90, Pub. Acts 1891, providing for fixing the rates for transportation of passengers upon railroads, it is competent for the railroad commissioner, in fixing such rates, to include in the computation the amount of the interstate fares earned by that portion of the road lying within this State.

*Certiorari* to Wayne; Frazer, Waite, and Carpenter, JJ.

*Mandamus* by Chase S. Osborn, commissioner of railroads, to compel the Wabash Railroad Company to reduce its passenger rates. From an order denying the writ, relator brought *certiorari.*

On April 24, 1900, the Supreme Court entered judgment for relator, but subsequently permitted respondent to amend its answer. Submitted on the amended answer June 19, 1900. Former opinion affirmed March 26, 1901.

* Head-note by GRANT, J.
    126 MICH.—8.

*Horace M. Oren*, Attorney General, for relator.

*Alfred Russell*, for respondent.

GRANT, J. In the former decision of this case (123 Mich. 669, 82 N. W. 526) we declined to pass upon the federal question, because the record did not show what proportionate part of the receipts from passenger fares was through or interstate fares. The respondent thereupon made application for leave to amend its answer so as to show this fact. On account of the importance of the case, this motion was granted on June 19, 1900, and the answer was amended as follows:

"Respondent shows that the amount of interstate fares earned in Michigan during the period covered by said report, and included in the computation, would reduce its passenger earnings below $2,000 per mile."

It was further ordered that the case be submitted for decision upon the federal question thus presented by the amended answer and proofs thereunder, which consisted of an affidavit by the auditor of the company.

I was aware that an amended answer was permitted, but was not aware of the precise form of the order entered, or that it required an additional opinion on the part of the court. The application was not for a rehearing, nor was a rehearing ordered. I supposed the opinion would stand with the federal question included by the amendment of the record, about which there might have been some doubt without such amendment. It was only three days ago that I learned that the parties were waiting for a further opinion in this case. I must, however, assume the responsibility for the delay, as under the order it devolved upon me to examine the question, and write whatever opinion was necessary.

In *Louisville, etc., R. Co.* v. *Railroad Commission of Tennessee*, 19 Fed. 679, the law was held void for various reasons. The law attempted a direct interference with the rates of interstate commerce. This was held to

be beyond the power of the State.   The case distinctly recognizes the right to regulate the rates for domestic transportation.   In *Wabash, etc., R. Co.* v. *Illinois,* 118 U. S. 557 (7 Sup. Ct. 4), the attempt was the same, and the court held that regulation between points within the State was valid, but transportation between the States was national in character, and its regulation confined exclusively to Congress.   In *Carton & Co.* v. *Railroad Co.,* 59 Iowa, 148 (13 N. W. 67, 44 Am. Rep. 672), the holding is substantially the same.

These cases are a fair illustration of the others cited. The rule is settled beyond controversy that the State cannot regulate rates of fares and freight on interstate commerce.   It is equally well settled that it may regulate such rates between points within the State.   The law under which relator acted does not attempt to interfere with interstate commerce fares, but only with domestic fares.   The question is, In determining what domestic fares shall be, is it competent to include the amount of interstate fares earned by that portion of the road lying within the State of Michigan?   Without further discussion, we think this question must be answered in the affirmative.   We think the case fairly within the principle laid down in *Home Ins. Co.* v. *New York,* 134 U. S. 594 (10 Sup. Ct. 593), and *Maine* v. *Grand Trunk R. Co.,* 142 U. S. 217 (12 Sup. Ct. 121, 163).   It is true that those were franchise taxes, imposed upon the right to do business in the State; but the principle enunciated is stated in the following language in *Home Ins. Co.* v. *New York:*

"The validity of the tax can in no way be dependent upon the mode which the State may deem fit to adopt in fixing the amount for any year which it will exact for the franchise.   No constitutional objection lies in the way of a legislative body prescribing any mode of measurement to determine the amount it will charge for the privileges it bestows."

So it seems fair and just that, in fixing the rate for

domestic commerce, the earnings of the road in this State by its interstate commerce should be considered. We see no constitutional provision which is thereby violated. It is no interference with the rates which may be fixed by railroads on their interstate business.

· We see no occasion for reversing our former opinion.

The other Justices concurred.